1    DOLIN, THOMAS & SOLOMON LLP
     J. Nelson Thomas (*awaiting pro hac vice admission*)
2    Patrick J. Solomon (*awaiting pro hac vice admission*)
     Justin M. Cordello (*awaiting pro hac vice admission*)
3    693 East Avenue
     Rochester, NY 14607
4    Telephone (585) 272-0540

5    LEON GREENBERG PROFESSIONAL CORPORATION
     Leon Greenberg, NV ID #8094
6    633 S. Fourth Street #9
     Las Vegas, NV 89101
7    Telephone (702) 383-6085

8    Attorneys for Plaintiffs

9

10

11                 UNITED STATES DISTRICT COURT
                       DISTRICT OF NEVADA
12
     SPENCER CRANNEY, MITCHELL AMOS, )
13   CATHERINE    SAMUELSON,    DOUGLAS )
     BROWN and RICHARD MONIGHETTI et al., )        Case No.:
     on behalf of themselves and all other employees )
14   similarly situated,                           )        **CLASS ACTION COMPLAINT**
                                                   )
15                      Plaintiffs,                )
                                                   )
16              vs.                                )
                                                   )
     CARRIAGE SERVICES, INC.,                      )
17   CARRIAGE FUNERAL HOLDINGS, INC.,              )
     CFS FUNERAL SERVICES, INC.,                   )
18   CARRIAGE HOLDING COMPANY, INC.,               )
     CARRIAGE MANAGEMENT, L.P.,                    )
19   CARRIAGE INVESTMENTS, INC.,                   )
     MELVIN C. PAYNE and                           )
     LORIE PARMETER,                               )
20                                                 )
                        Defendants.                )
21

22        **AND NOW** come plaintiffs Spencer Cranney, Mitchell Amos, Catherine Samuelson,

23   Douglas Brown and Richard Monighetti on behalf of themselves and all others similarly

1 | situated, by and through their attorneys, Dolin Thomas & Solomon LLP, J. Nelson Thomas,

2 | Esquire, Justin Cordello, Esquire; and Leon Greenberg, Esquire, Attorney at Law, P.C. and

3 | file the following Class Action Complaint:

4 | I. **INTRODUCTION**

5 | 1. This is a proceeding for declaratory relief and injunctive relief and monetary

6 | damages to redress the deprivation of rights secured to plaintiffs individually, as well as all

7 | other employees similarly situated, under the Fair Labor Standards Act of 1938, as amended,

8 | 29 U.S.C. § 201 *et seq.* ("FLSA") and under the Employment Retirement Income Security Act

9 | ("ERISA"), 29 U.S.C. § 1332(a)(3); 29 U.S.C. § 1104(a)(1); and 29 U.S.C. § 1059(a)(1) for

10 | defendants failure to maintain accurate payroll records and credit plaintiffs 401K plan with

11 | their non-reduced weekly wages and correct overtime compensation and other laws of the

12 | various states in which defendants do business.

13 | II. **JURISDICTION**

14 | 2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28

15 | U.S.C. §1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action

16 | to recover damages or to secure equitable relief under any Act of Congress providing for the

17 | protection of civil rights; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action

18 | arising under any Act of Congress regulating interstate commerce; under the Declaratory

19 | Judgment Statute, 28 U.S.C. § 2201; and under 29 U.S.C. § 216 (b).

20 | 3. This Court has supplemental jurisdiction over plaintiffs' state law claims

21 | pursuant to 28 U.S.C. §1367.

22 | 4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §

23 | 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 199 Stat.

14 ("CAFA")) because there is minimal diversity between the parties and the amount in controversy exceeds $5 million dollars.

5.     In this matter diversity citizenship exists because Defendants and at least one proposed class member are citizens of different states. See 28 U.S.C. §1332(c)(1).   Carriage Services, Inc. is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in Texas.   At all relevant times, Plaintiff Spencer Cranney is a citizen of Nevada.   In addition, none of the current plaintiffs are residents of Delaware.

6.     Further, Plaintiffs' claims in this case establish an amount in controversy that exceeds $5,000,000.

7.     Finally, there are at least 100 class members who have claims under the various state common laws in which defendant conduct business.

**III.    VENUE**

8.     Venue is appropriate in the District of Nevada since some of the unlawful acts alleged were committed in this district and some plaintiffs reside in this district.   Venue is proper before this Court under 28 U.S.C. § 1391(b).

**IV.    CLASS ACTION ALLEGATIONS**

9.     The claims arising under both ERISA and the state wage laws are properly maintainable as a class action under Federal Rule of Civil Procedure 23.

10.    The class action is maintainable under subsections (1), (2) and (3) of Rule 23(b).

11.    The class consists of current and former employees of defendants who were suffered or permitted to work time for which they were not compensated, including time for which premium pay was owed but not paid.   Additionally, the class consists of current and

1  former employees of defendants whose 401(k) plans were not credited with their non-
2  reduced weekly wages and correct overtime compensation.

3       12.    The class size is over 50 employees.

4       13.    The Plaintiffs will adequately represent the interests of the class members
5  because they are similarly situated to the class members and their claims are typical of, and
6  concurrent to, the claims of the other class members.

7       14.    There are no known conflicts of interest between the Named Plaintiffs and the
8  other class members.

9       15.    The class counsel, Dolin Thomas & Solomon LLP and Leon Greenberg,
10 Attorney at Law, P.C. are qualified and able to litigate the class members' claims.

11      16.    The class counsel is experienced in employment litigation, and its attorneys are
12 experienced in class action litigation, including class actions arising under ERISA and federal
13 and state wage and hour laws.

14      17.    Common questions of law and fact predominate in this action because the
15 claims of all class members are based on whether defendants' practice of not paying
16 nonexempt employees for all hours worked and/or statutory overtime for hours worked over
17 40 per week violates Nevada State law and the state laws of the various other states in which
18 defendant does business as well as defendants' policy of not crediting employees with their
19 non-reduced weekly wages and correct overtime compensation is a violation of ERISA.

20      18.    The class action is maintainable under subsections (2) and (3) of Rule 23(b)
21 because plaintiffs seek injunctive relief, common questions of law and fact predominate
22 among the class members and the class action is superior to other available methods for the
23 fair and efficient adjudication of the controversy.

V.    **PARTIES**

A.    **Plaintiffs**

19.    The plaintiffs are employees and former employees of defendants who were suffered or permitted to work by defendants and not paid their regular or statutorily required rate of pay for all hours worked.  Plaintiffs expressly include each individual identified in the caption, together with any similarly situated current or former employees who may file consent forms to opt-in to this collective action.  Any individual who opts-in to this action after the date of this amended complaint has full part status pursuant to 29 U.S.C. § 216(b). Attached are 84 consent forms signed by former and current employees of defendants, consenting to be party plaintiffs in this action and authorizing plaintiffs' counsel to be file these consents with the Clerk of the Court.  (See Exhibit A)

B.    **Defendants**

20.    Defendant Carriage Services, Inc. ("Carriage") is a Delaware corporation with its headquarters being 3040 Post Oak Boulevard, Suite 300, Houston, Texas 77056.

21.    Defendant Carriage Funeral Holdings, Inc. is a Delaware corporation which is owned by Carriage.

22.    Defendant Carriage Holding Company, Inc. is a Delaware corporation which is owned by Carriage.

23.    Defendant CFS Funeral Services, Inc., is a Delaware corporation which is owned by Carriage.

24.    Defendant Carriage Management, L.P. is a Texas Corporation which is owned by Carriage.

25.    Defendant Carriage Investments, Inc. is a Delaware Corporation which is

1   owned by Carriage.

2       26.    Defendants Carriage Funeral Holdings, Inc., Carriage Holding Company, Inc.,
3   and CFS Funeral Services, Inc., Carriage Management, L.P. and Carriage Investments, Inc.
4   are referred to herein as "Subsidiaries."

5       27.    Defendants Carriage and its Subsidiaries are enterprises engaged in interstate
6   commerce with an annual gross volume of sales not less than $500,000.

7       28.    Upon information and belief, at all relevant times, Defendants Carriage and its
8   Subsidiaries have been plaintiffs' employers.

9       29.    Upon information and belief, at all relevant times, Defendants Carriage and its
10   Subsidiaries have suffered or permitted plaintiffs to perform work for them.

11       30.    Upon information and belief, at all relevant times, Defendants Carriage and its
12   Subsidiaries funeral service locations have been plaintiffs' employer.

13       31.    Upon information and belief, at all relevant times business operations of the
14   funeral service locations are centrally controlled by Defendants Carriage and its Subsidiaries.

15       32.    Upon information and belief, at all relevant times, Defendants Carriage and its
16   Subsidiaries maintained centralized control of employment relations.

17       33.    Upon information and belief, at all relevant times, the human resource
18   functions of the funeral service locations report directly or indirectly to Defendants Carriage
19   and its Subsidiaries.

20       34.    Upon information and belief, in addition to centralized control of employment
21   relations, Defendants Carriage and its Subsidiaries exercise common management of their
22   various funeral service locations.

23       35.    Upon information and belief, Defendants Carriage and its Subsidiaries own all

1  of their funeral service locations and exercise financial control over the business operations of
2  those locations.

3      36.     Upon information and belief, Defendants Carriage and its Subsidiaries creates
4  and distribute employee handbooks for their various funeral service locations.

5      37.     Upon information and belief, Defendants maintain an Employee Stock
6  Purchase Plan.

7      38.     Upon information and belief, Carriage Funeral Holdings, Inc. maintains
8  Carriage Services 401(k) Plan.

9      39.     Defendant Melvin C. Payne ("Payne") has acted as Chairman of the Board,
10  Chief Executive Officer, President and Director (Principal Executive Officer) of Carriage and
11  its Subsidiaries at all relevant times.

12      40.     Upon information and belief, Melvin C. Payne's responsibilities include
13  actively managing Carriage and its Subsidiaries and he has control over the illegal practices
14  alleged in this complaint.

15      41.     Upon information and belief, Defendant Lorie Parmeter has acted as Director
16  of Human Resources of Carriage and its Subsidiaries since 2007.

17      42.     Upon information and belief, Defendant Lorie Parmeter responsibilities
18  include actively managing all human resources issues related to Carriages and its Subsidiaries.

19  **VI.   FACTUAL BACKGROUND**

20      43.     Plaintiffs worked for defendants and were not paid their regular or statutorily
21  required rate of pay for all hours worked and were not paid at time and one-half for hours
22  they worked over 40 in a week.

23      44.     Defendants' policy and/or practice was to not compensate Plaintiffs for work

1  they suffered or permitted the Plaintiffs to perform.

2       45.    Defendants knew plaintiffs were supposed to receive such wages, however,

3  defendants willfully failed to pay for all hours when Plaintiffs worked.

4       46.    Defendants' practice is to be deliberately indifferent to these violations of the

5  statutory overtime requirements.

6       47.    The failure to pay overtime is willful.

7       48.    Examples of defendants' policies and practices to deprive the Plaintiffs of their

8  earned wages and wage premiums are set forth below:

9       a. **Subclass A:**   Defendants implemented a "Community Work Policy."
           Under the policy, defendants suffered or permitted their employees to
10          perform community work so as to increase revenues for defendants.
           Defendants did not compensate the employees for such time spent in
11          community work in furtherance of the employer's business under the
           "Community Work Policy."

12      b. **Subclass B:**  Under Defendants' "Calculation of Additional Remuneration
           Policy," defendants did not include all remuneration (such as bonuses and
13          commissions) in the calculation of the plaintiffs' overtime.

14      c. **Subclass C:**  Defendants implemented an "On Call Pay Policy." Under the
15          policy, employees were suffered or permitted to perform work by handling
           calls and other work related issues after normal business hours, but
16          defendants would not compensate employees for work performed outside
           the regular workday, off-site from the funeral home.

17      d. **Subclass D:**  Defendants implemented a "Pre-Needs Appointment Policy."
18          Defendants suffered or permitted employees to meet with clients to discuss
           pre-need purchases.   To the degree that such appointments were not
19          considered part of the employees' schedule, the employees were suffered or
           permitted to continue the appointments, but were not to be paid for such
20          time worked under the "Pre-Needs Appointment Policy."

21      e. **Subclass E:**  Defendants' implemented a "Training Time Policy." Under
           this policy, employees train for and become licensed funeral directors,
22          embalmers and insurance agents and attend training seminars relating to
           the funeral home industry.  Defendants did not pay for hours spent by
23          employees attending training seminars, taking tests and completing

continuing education requirements despite suffering or permitting employees to perform such work.

f.   **Subclass F:** Defendants implemented a "Meal Break Deduction Policy." Under the policy, defendants no longer paid for lunch breaks. Defendants did, however, suffer and permit its employees to perform work during such meal breaks, but pursuant to defendants' "Meal Break Deduction Policy" time spent on meal "breaks" was still to be deducted from the employees' pay even when defendants suffered or permitted work to be performed during such "breaks."

g.   **Subclass G:**   Defendants' implemented an "Unrecorded Work Time Policy." Under this policy, defendants suffered or permitted plaintiffs to perform work, but directed that such work not be recorded. Defendants then refused to pay for the time worked under the "Unrecorded Work Time Policy" because, even though defendants knew that such time had been worked, it had not been "recorded."

h.   **Subclass H:** Defendants implemented a "Fluctuating Work Week Policy." Under this policy, plaintiffs were only paid one-half of their regulate rate for overtime hours. Defendants improperly credited plaintiffs regular pay for straight time hours towards their overtime obligation.

i.   **Subclass I:** Employees who worked in defendants' California locations for more than five hours per day and did not receive a uninterrupted meal period of not less than 30 minutes; and those employees in defendants, California locations who worked more than 10 hours per day and were not provided with a second uninterrupted meal period of not less than 30 minutes.

j.   **Subclass J:**   Employees who worked in defendants' California locations who did not receive one day's rest in the course of seven days.

k.   **Subclass K:** Employees who worked in defendants' California locations after March 1, 1998, and were paid less than the minimum wage of five dollars and seventy-five cents ($5.75) per hour and for those employees who worked in defendants' California locations as of January 1, 2007, and were not paid the minimum wage of seven dollars and fifty cents ($7.50) per hour.

l.   **Subclass L:** Employees who worked in defendants' California locations and did not receive all the wages they earned at the time of their discharge or layoff or within 72 hours thereafter.

1    49.    Defendants also failed to make, keep and preserve adequate and accurate

2  records of the employment of Plaintiffs concerning their wages, hours and other conditions of

3  employment.

4    50.    More specifically, the records kept by defendants failed to adequately and

5  accurately disclose among other things, hours worked each work day, the total hours worked

6  each work week and/or the total overtime compensation for each work week.

7    51.    Defendants' failed to keep accurate records of all time worked by employees.

8  By failing to keep such records, Defendants' records are legally insufficient to determine

9  benefits.

10    52.    Defendants' failed to credit or even investigate crediting overtime pay as

11  compensation used to determine benefits. Defendants' while acting as fiduciaries exercising

12  discretion over the administration of the Plans, breached their duties to act prudently and

13  solely in the interests of the Plans, participants by failing to credit them with all of the hours

14  of service for which they were entitled to be paid, including overtime or to investigate

15  whether such hours should be credited. Under ERISA, crediting hours is a fiduciary function,

16  independent of the payment of wages, necessary to determine participants' participation

17  vesting and accrual of rights.

18                                    **COUNT I**
                                      **FLSA**

19    53.    The preceding paragraphs are incorporated herein as if fully set forth herein.

20    54.    Defendants willfully violated their obligations under the FLSA and are liable to

21  plaintiffs.

22

23

1

2

## COUNT II
## FAILURE TO MAINTAIN PROPER RECORDS

3      55.     The preceding paragraphs are incorporated herein as if fully set forth herein.

4      56.     Defendants violated provisions of the FLSA by failing to make, keep, and

5  preserve adequate and accurate records of the employment of Plaintiffs concerning their

6  wages, hours and other conditions of employment; more specifically, the records kept by

7  defendants failed to adequately and accurately disclose among other things, hours worked

8  each work day, the total hours worked each work week, and/or the total overtime

9  compensation for each work week and are liable to plaintiffs.

10

## COUNT III
## ERISA – FAILURE TO KEEP ACCURATE RECORDS

11

12      57.     Plaintiffs reallege the above paragraphs as if fully restated herein.

13      58.     Plaintiffs' bring these claims under 29 U.S.C. § 1132(a)(3) which confers on

   plan participants the right to bring suit to enjoin any violation of ERISA § 1059(a)(1).

14      59.     Defendants failed to keep accurate records of all time worked by employees.

15  By failing to keep such records, Defendants' records are legally insufficient to determine

16  benefits. Defendants failed to keep records "sufficient to determine the benefits due or which

17  may become due ..." under the terms of the Plans as required by ERISA § 209(a)(1), 29

18  U.S.C. §1059(a)(1).

19

## COUNT IV
## ERISA – BREACH OF FIDUCIARY DUTY

20

21      60.     Plaintiffs reallege the above paragraphs as if fully restated herein.

22      61.     Defendants' breached their fiduciary duties under 29 U.S.C. §1104(a)(1).

23

## COUNT V
### BREACH OF CONTRACT

62.     Plaintiffs reallege the above paragraphs as if fully restated herein.

63.     Defendant willfully violated their obligations under the state laws of California, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Maryland, Massachusetts, Michigan, Missouri, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Rhode Island, Tennessee, Texas, Virginia, Washington, and West Virginia and are liable to plaintiffs.

## COUNT VI
### STATE WAGE AND HOUR LAWS

64.     Plaintiffs reallege the above paragraphs as if fully restated herein.

65.     Defendants willfully violated their obligations under the wage laws of the states in which defendants do business including:

    a.     California Labor Code §§ 201 , 202, 226(a), 226.3, 226.7, 512, 1174, 1174.5, 1194, 2698, *et seq.;*

    b.     Connecticut Gen. Stat. §31-58, *et seq.;*

    c.     Idaho Code Title 45 Chapter 6, et. seq.;

    d.     820 Illinois Comp. Stat. 105/1, *et seq.;* 820 Illinois Comp. Stat. 105/12(a);     820 Illinois Comp. Stat. 115/1, *et seq.;*

    e.     Indiana Code Ann. §22-2-2-1, *et seq.;*

    f.     Iowa Code Ann. §91D.1

    g.     Kansas Stat. § 44-1201. *et seq.;*

    h.     Kentucky Rev. Stat. Ann. §337.010

    i.     Maryland Code, Lab. & Empl. §3-401, *et seq.;*

    j.     Massachusetts Gen. Laws Ch. 151, §1, *et seq.;* Massachusetts Gen. Laws Ch. 149, § 148, *et seq.;* Massachusetts Gen. Laws Ch. 149, §100, *et seq.;*

k.  Michigan Comp. Laws § 408.381, *et seq.*;

l.  Minnesota Stat. § 177.21, *et seq.*;

m.  Missouri Ann. Stat. § 290.500, *et seq.*;

n.  Montana Code § 39-3-401, *et seq.*;

o.  Nevada Rev. Stat. § 608.018, 608.019, 608.020, 608.030, 608.040, 608.050, 608.100(1)(b), 608.115, 608.190, 608.005, *et seq.*, 608.250, *et seq.*;

p.  New Jersey Stat. § 34.11-56a, *et seq.*;

q.  New Mexico Stat. § 50-4-1, *et seq.*;

r.  New York Lab. Law § 160, *et seq.*, 650, *et seq.*;

r.  North Carolina Gen. Stat. § 95-25.1, *et seq.*;

s.  Ohio Rev. Code § 4111.01, *et seq.*;

t.  Okla. Stat. tit. 40, §197 *et. seq.*

u.  Rhode Island Gen. Laws § 28-12-1, *et seq.*;

v.  Washington Rev. Code § 49.46.005, *et seq.*;

w.  West Virginia Code § 21-5C-1, *et seq.*

66.  As a direct and proximate cause of defendants' violations of these statutes, plaintiffs have suffered damages.

**COUNT VII**
**UNJUST ENRICHMENT**

67.  Plaintiffs reallege the above paragraphs as if fully restated herein.

68.  Defendants willfully violated their obligations and have been unjustly enriched to the determent of plaintiffs and others similarly situated for worked performed for defendants under the common laws and state laws of California, Connecticut, Florida,

1 | Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Maryland, Massachusetts,

2 | Michigan, Missouri, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina,

3 | Ohio, Oklahoma, Rhode Island, Tennessee, Texas, Virginia, Washington, and West Virginia

4 | and are liable to plaintiffs.

## COUNT VIII
### FRAUD AND DECEIT

6 | 69.   Plaintiffs reallege the above paragraphs as if fully restated herein.

7 | 70.   Defendants willfully violated its obligations by committing fraud against

8 | plaintiffs and others similarly situated under the common laws and the state laws of

9 | California (including the California Unfair Competition Law, California Business and

10 | Professions § 17200), Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas,

11 | Kentucky, Maryland, Massachusetts, Michigan, Missouri, Montana, Nevada, New Jersey,

12 | New Mexico, New York, North Carolina, Ohio, Oklahoma, Rhode Island, Tennessee, Texas,

13 | Virginia, Washington, and West Virginia and are liable to plaintiffs.

14 | 71.   Defendants' falsely promised plaintiffs at the time they hired them and

15 | throughout their employment that defendants would pay them for all the time they worked

16 | in accordance with the FLSA and the relevant state wage and hour laws.

17 | 72.   In accepting employment and complying with defendants' employment

18 | policies, plaintiffs reasonably relied on defendants' promise to pay them for all the hours they

19 | worked and pay them overtime in accordance with the FLSA and the relevant state wage and

20 | hour laws.

21 | 73.   However, defendants' had no intention of keeping its promise and concealed

22 | the compensability of the time spent by employees performing community work, on-call

1 | work, pre-need appointments and failed to include all the employees' remuneration in their
2 | overtime calculation.

3 |     74.    Defendants continue to falsely promise plaintiffs that it will compensate them
4 | for all compensable time and include all forms of remuneration in the plaintiffs' overtime
5 | calculation as required by the FLSA and relevant state wage and hour laws.

6 |     75.    In conscious disregard of its promises, defendants' intent was to require and
7 | receive from plaintiffs services that are compensable under the FLSA and the relevant state
8 | wage and hour laws without making payments of compensation to plaintiffs and failing to
9 | include all remuneration in plaintiffs' overtime calculation.

10 |     76.    Defendants willfully failed and refused to pay plaintiffs for compensable time
11 | that they were required to perform such as: community work, on-call work, pre-needs
12 | appointments and failed to pay plaintiffs overtime in accordance with the FLSA and relevant
13 | state and wage and hour laws.

14 |     77.    Defendants have been and continue to be unjustly enriched by requiring
15 | plaintiffs to perform compensable services related to its Community Work Policy, On-Call
16 | Pay Policy, Pre-Needs Appointment Policy and not compensating them and not including all
17 | forms of remuneration in plaintiffs overtime calculation.

18 |     78.    Defendants' actions including false promises to pay compensation to all
19 | plaintiffs for all time required by defendants that was compensable by law and failing to
20 | include all remuneration in the plaintiffs' overtime calculation, constitutes fraud, resulting
21 | directly and proximately in economic (monetary) losses to plaintiffs.

22 |     79.    Plaintiffs did not know and could not have reasonably discovered that they
23 | were entitled to compensation that was not being paid to them because of the comparative

1 | difference in power and knowledge between them and defendants.

2 |     80.    Plaintiffs seek economic damages for unpaid wages, together with interest
3 | thereon.

4 |     81.    Plaintiffs seek punitive damages against defendants.

5 |

**COUNT IV**
**QUANTUM MERUIT**

6 |     82.    Plaintiffs reallege the above paragraphs as if fully restated herein.

7 |     83.    Defendants willfully violated their obligations by failing to pay plaintiffs for
8 | the reasonable value of the services performed by plaintiffs for defendants under the common
9 | laws and the state laws of California, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana,
10 | Iowa, Kansas, Kentucky, Maryland, Massachusetts, Michigan, Missouri, Montana, Nevada,
11 | New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Rhode Island,
12 | Tennessee, Texas, Virginia, Washington, and West Virginia and are liable to plaintiffs under
13 | quantum meruit.

14 |

**COUNT X**
**NEGLIGENT MISREPRESENTATION**

15 |     84.    Plaintiffs reallege the above paragraphs as if fully restated herein.

16 |     85.    Defendants willfully violated their obligations under the common laws and the
17 | state laws of California, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas,
18 | Kentucky, Maryland, Massachusetts, Michigan, Missouri, Montana, Nevada, New Jersey,
19 | New Mexico, New York, North Carolina, Ohio, Oklahoma, Rhode Island, Tennessee, Texas,
20 | Virginia, Washington, and West Virginia by misrepresenting to plaintiffs that they would be
21 | fully compensated for all services performed and are liable to plaintiffs.

22 |
23 |

1

## COUNT XI
## NEGLIGENCE

2

86.    Plaintiffs reallege the above paragraphs as if fully restated herein.

3

87.    Defendants willfully violated their obligations under the common laws and the

4

state laws of California, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas,

5

Kentucky, Maryland, Massachusetts, Michigan, Missouri, Montana, Nevada, New Jersey,

6

New Mexico, New York, North Carolina, Ohio, Oklahoma, Rhode Island, Tennessee, Texas,

7

Virginia, Washington, and West Virginia by negligently failing to properly compensate

8

plaintiffs and are liable to plaintiffs.

9

**WHEREFORE**, plaintiffs demand judgment against defendants in their favor and that

10

they be given the following relief:

11

(a)    an order preliminarily and permanently restraining defendants from engaging
in the aforementioned pay violations;

12

(b)    an award of the value of plaintiffs' unpaid wages;

13

(c)    liquidated, compensatory, consequential and punitive damages;

14

(d)    an award of reasonable attorneys' fees, expenses, expert fees and costs incurred
in vindicating plaintiffs' rights;

15

(e)    an award of pre- and post-judgment interest; and

16

(f)    such other and further legal or equitable relief as this Court deems to be just
and appropriate.

17

18

## JURY DEMAND

19

Plaintiffs demand a jury to hear and decide all issues of fact.

20

21

22

23

1 | Date: November 28, 2007

Respectfully submitted,

LEON GREENBERG PROFESSIONAL
CORPORATION

/s/ Leon Greenberg
Leon Greenberg, Esquire
NV ID No. 8094
633 S. Fourth Street
Suite 9
Las Vegas, Nevada 89101
(702) 383-6085


DOLIN THOMAS & SOLOMON, LLP

/s/ J. Nelson Thomas
J. Nelson Thomas, Esquire
*Awaiting Pro Hac Vice Admission*
693 East Avenue
Rochester, NY 14607
(585) 272-0540

Attorneys for Plaintiffs