UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SPENCER CRANNEY, et al.,                )
                                        )
                        Plaintiffs,     )     Case No. 2:07-cv-01587-RLH-PAL
                                        )
vs.                                     )     **ORDER**
                                        )
CARRIAGE SERVICES, INC., et al.,        )     (M/Equitable Toll - #36)
                                        )
                        Defendants.     )
_____)

Before the court is Plaintiffs' Motion for an Equitable Toll of the Statute of Limitations (#36) which was referred to the undersigned by the District Judge pursuant to provisions 18 U.S.C. § 636(b)(1)(A) and LR IB 1-3.

**BACKGROUND**

This lawsuit involves a complaint by plaintiffs against defendants requesting certification of a collective action pursuant to the provisions of 29 U.S.C. § 216(b), the Federal Labor Standards Act, 29 U.S.C. §§ 1332(a)(3), 1104(a)(1), 1059(a)(1) and various state statutes. Plaintiffs filed a Motion for Collective Action Notification (#2) November 28, 2007 and filed a separate request for an Order Shortening Time for Defendants to File Responsive Briefing (#3). Defendants filed an Emergency Motion for an Enlargement of Time to Respond to the Complaint and Respond to Plaintiffs' Motion for Collective Action Notification (#22) on December 7, 2007, and Memorandum in Support of the Motion (#23). In an Order (#28) entered December 2, 2007, the District Judge granted defendants' emergency motion and afforded the defendants until January 28, 2008 to respond to the class action complaint and plaintiffs' motion for collective action notification. Defendants filed an answer (#44) to the complaint and response (#45) to the motion for collective action notification on January 28, 2008. On February 29, 2008, the court entered an order (#65) granting plaintiffs' motion for collective action

1  notification (#2) and denying plaintiffs' request for an order shortening time for defendants to file
2  responsive briefing (#3) as moot.
3        In the current motion, plaintiffs seek a forty-five day extension of the time for plaintiffs to file
4  their FLSA claims corresponding to the forty-five day extension of time the defendants received to
5  answer the complaint or respond to the motion for collective action notification.  Citing Partlow v.
6  Jewish Orphans' Home of Southern Cal., Inc., 645 F.2d 757 (9th Cir. 1981), the plaintiffs argue the
7  court should toll the statute of limitations for filing FLSA claims for forty-five days to prevent the
8  expiration of plaintiffs' claims because of delays in the case not due to the fault of plaintiffs, but
9  defendants' request for additional time to respond to the complaint and motion.  Plaintiffs assert that the
10 toll is proper where, as here, the defendants will not be prejudiced by a toll commensurate with the
11 amount of time defendants have requested to respond to the complaint and motion, and that at the time
12 this motion was filed the court had not yet authorized notification to putative class members to inform
13 them of their rights to participate in this action.  The plaintiffs argue that if the court does not grant their
14 request for an equitable toll, some of the plaintiffs' claims will be barred by the statute of limitations as
15 a result of the defendants' request for additional time.
16       Defendants oppose the motion, asserting that the Ninth Circuit has repeatedly held that the
17 extraordinary relief of equitable tolling should be granted sparingly and only when supported by
18 substantial policy reasons.  Defendants argue that they have not caused a delay in this case, but have
19 simply sought to protect their rights by requesting additional time, and that it is plaintiffs or their
20 counsel who waited almost a year to bring this action after being aware of their potential FLSA claims.
21 Under these circumstances, equitable tolling of the applicable statute of limitations would eviscerate the
22 purpose of the statute of limitations.  Defendants' request for a forty-five day extension to respond to
23 the complaint and motion are not a basis for exercising the extraordinary relief of equitable tolling, and
24 the defendants have engaged in no wrongful conduct supporting a substantial policy reason for an
25 equitable tolling of the statute of limitations.  Defendants emphasize that plaintiffs have not alleged that
26 defendants have engaged in any course of conduct which would prevent the plaintiffs from timely
27 prosecuting their claims and contend that any delay in asserting the plaintiffs' claims are the fault of
28 plaintiffs or their counsel who have not adequately preserved their rights to timely prosecute their

claims. Defendants note that to date more than eighty plaintiffs have opted in to the case, and at least five hundred have submitted declarations on behalf of the plaintiffs, indicating putative class members are aware of the suit and have not been prevented from participating or filing an individual claim. Finally, defendants argue the Ninth Circuit's decision in Partlow does not support plaintiffs' equitable tolling arguments, and that plaintiffs have misstated the holding in Veliz v. Cintas Corp., Case No. C 03-1180, 2007 U.S. Dist. LEXIS 24428 (N.D. Cal. Mar. 20, 2007).

Plaintiffs argue in reply (#51) that a stronger case for equitable tolling can be made here, where defendants caused prejudice to plaintiffs' claims, than in Partlow, where the court ordered tolling in the face of misconduct by counsel for the plaintiffs. Plaintiffs also claim that, under Partlow, no showing of wrongful conduct by defendants or extraordinary circumstances is required. Additionally, plaintiffs claim they waited five months, not 11 months, from when the first consent form was received on June 14, 2007 to file suit. Moreover, the statute of limitations should be tolled because defendants' delay was in part motivated by a desire to run out the statute of limitations. Finally, despite efforts to provide employees with notice of this case and inform them of their rights, plaintiffs contend that court-ordered notice is the only way to guarantee that all employees have received such notice.

## DISCUSSION

The doctrine of equitable tolling only applies in rare situations. Alvarez-Machin v. United States, 107 F.3d 696, 701 (9th Cir. 1996).

> Federal courts have applied the doctrine of equitable tolling in two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.

Bonilla v. Las Vegas Cigar Co., 61 F. Supp. 2d 1129, 1140 (D. Nev. 1999), citing, Alvarez-Machin, 107 F.3d at 701.

The court finds that equitable tolling of the statute of limitations is not warranted here. First, plaintiffs have failed to show that defendants engaged in wrongful conduct that would prevent plaintiffs from asserting their claims if the statute of limitations is not equitably tolled. Defendants requested and received a modest 45-day extension to answer the complaint and plaintiffs' motion for collective action notification. As defendants point out in their opposition to the current motion, the 45-day extension is

less than the 60 days that defendants would have had to respond had they waived service of process. See Fed. R. Civ. P. 4. A modest extension of time simply does not constitute "wrongful conduct" such that plaintiffs are entitled to a corresponding equitable tolling of the statute of limitations.

Second, the plaintiffs have not demonstrated that any "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." Bonilla, 61 F. Supp. 2d at 1140. Plaintiffs acknowledge that they failed to file this action for five months after the first consent was received. Defendants' request for a 45-day extension of time, which the court approved, simply does not present the rare situation in which justice requires the court to equitably toll the statute of limitations. Plaintiffs' motion will therefore be denied.

Based on the foregoing and for good cause,

**IT IS ORDERED** that plaintiffs' Motion for an Equitable Toll of the Statute of Limitations (#36) is DENIED.

Dated this 20th day of March, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE