UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SPENCER CRANNEY, et al.,

            Plaintiffs,

vs.

CARRIAGE SERVICES, INC., et al.,

            Defendants.

Case No. 2:07-cv-01587-RLH-PAL

**ORDER**

(M/Protective Order - #209)
(M/Protective Order - #251)
(M/Modification - #212)

The court conducted a hearing on June 10, 2008 at 9:00 a.m. on plaintiffs' Motion for Protective Order (#209), and defendants' Emergency Motion for Protective Order (#251). J. Nelson Thomas, Patrick J. Solomon, Kyle T. McGee, and Leon Marc Greenberg appeared on behalf of the plaintiffs, and Michael Banks and Brad Green appeared on behalf of the defendants. The court has considered the motions, Oppositions (## 259, 295), Reply (# 293), and arguments of counsel at the time of hearing.

**BACKGROUND**

The named plaintiffs are employees and former employees of defendants, who have sued on behalf of themselves and other similarly situated employees alleging they have not been paid at the statutorily required rate of pay for all hours worked. The complaint alleges violations against the defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and seeks class action certification for claims pursuant to the Employees' Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1332(a)(3), 1104(a)(1), 1059(a)(1), and numerous state statutes. In an Order (#65) entered February 29, 2008, the District Judge granted plaintiffs' motion for collective action notification. On March 27, 2008, the undersigned entered a Discovery Plan and Scheduling Order (#80) when the parties failed to submit a proposed plan as required by LR 26-1.

/ / /

**A.     Plaintiffs' Motion for Protective Order (#209)**

On March 31, 2008, the named plaintiffs and opt-in plaintiffs were served with defendants' first set of interrogatories consisting of thirteen interrogatories requesting detailed information about their FLSA claim and damages. Defendants have also served a set of request for production of documents on each plaintiff. As additional plaintiffs have opted in, the discovery requests have been served on them. At the time the motion was filed, interrogatories had been served on 211 plaintiffs, 206 of which are opt-in plaintiffs. At the time of the hearing in this case, approximately 300 plaintiffs had opted in. Plaintiffs seek a protective order that the opt-in plaintiffs need not respond to these individualized requests for discovery. Plaintiffs argue that it would be unduly burdensome and contravene the remedial purpose of the FLSA to require each of the opt-in plaintiffs to engage in individualized discovery. Plaintiffs have suggested that the parties meet and confer to arrive at a mutually acceptable agreement for identifying a statistically significant representative number of opt-in plaintiffs to respond to written and oral discovery. The plaintiffs suggest that the parties be required to meet and confer within thirty days after the close of the opt-in period to develop a proposed discovery plan for this case, and in the event they are unable to do so, present any disputed issues to the court within forty-five days after the close of the opt-in period.

Defendants oppose any limitation on discovery from opt-in plaintiffs, asserting full discovery is needed in order to fully develop the record and permit the defendants to file a motion to decertify the conditionally certified class. Defendants point out that the notice of pendency advised all potential class members that if they elected to opt in that they might be asked for information, and that plaintiffs have not demonstrated a clearly defined or serious injury would result if the court denies the motion for protective order. Here, the defendants have propounded a simple set of thirteen interrogatories and twelve document requests, and intend to take depositions of people who affirmatively elected to opt in to this case. Defendants assert that all of the discovery requests directly address matters plaintiffs have put in issue, and that burden to the attorneys in preparing and serving numerous responses is not harm or prejudice to the plaintiffs. To limit the defendants to a "sampling" of opt-in plaintiffs would deprive the defendants of their ability to develop their primary defense that class members are not similarly

///

situated where, as here, the 2,700 potential class members are located in thirty-one different states which are independently managed.

Plaintiffs reply that the court has the authority pursuant to Rule 26(c) to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Plaintiffs contend that permitting individualized discovery to each of the opt-in plaintiffs is unduly burdensome and expensive given that 300 employees have joined this action, and plaintiffs anticipate more than 450 employees will eventually opt in. Plaintiffs emphasize that the defendants' discovery requests are extremely detailed and require, for example, that each plaintiff identify for the entire period of her employment every day in which she engaged in community service, was on-call, had pre-needs appointments, or attended training events, and to provide the amount of time spent on these activities each day. Plaintiffs urge the court to weigh the burdensomeness of these requests against their probative value which, defendants assert, is to demonstrate the location to location differences among the plaintiffs which shows they are not similarly situated. The defendants' justification for these individualized discovery requests do not support their purpose for which they were propounded for three reasons. First, if there are differences among various locations, a sampling of plaintiffs should reveal them. Second, the discovery requests do not primarily seek information concerning defendants' policies at their locations, but focus almost exclusively on damages. Third, because the requests focus primarily on damages, they are "simply not relevant to this case at this stage of the proceedings." Plaintiffs cite a line of cases which have upheld the use of representative evidence in determining FLSA liability and damages to support their arguments limiting discovery.

**DISCUSSION**

The federal courts have adopted various approaches to the scope of discovery permitted in FLSA actions. Smith v. Lowe's Home Centers, Inc., 236 F.R.D. 354, 357 (S.D.Oh. 2006). Some courts have treated opt-in plaintiffs in a collective action as ordinary party plaintiffs subject to the full range of discovery permitted by the Federal Rules of Civil Procedure. See, e.g., Coldiron v.Pizza Hut, Inc., 2004 Westlaw 2601180, at *2; US District Lexis 23610, at *5-6 (C.D.Cal. 2004) (permitting discovery of 306 opt-in plaintiffs); Krueger v. New York Telephone Co., 163 F.R.D. 446 (S.D.N.Y. 1995) (authorizing discovery addressed to all 152 opt-in plaintiffs); Rosen v. Reckitt & Colman, Inc.,

1994 Westlaw 642534 (S.D.N.Y. 1994) (permitting depositions of all 49 opt-ins); Brooks v. Farm Fresh, Inc., 759 Fed. Supp. 1185, 1188 (E.D. Va. 1991) (authorizing depositions of all 127 opt-in plaintiffs); Kass v. Pratt & Whitney, 1991 Westlaw 158943, *5 (S.D.Fla. 1991) (authorizing individualized discovery from all 100 opt-in plaintiffs).

However, other courts have held that the same standards governing discovery in Rule 23 class actions should be applied to conditionally certified FLSA actions, and that discovery should be limited to class-wide and class-based discovery. These courts do not permit individualized discovery reasoning that individualized discovery would undermine the purpose and usefulness of both class actions and collective actions. See, e.g., Adkins v. Mid-America Growers, Inc. 143 F.R.D. 171 (N.D.Ill. 1992) (individual depositions and interrogatories not appropriate to determine individual plaintiffs' job duties and responsibilities on week-by-week and product-by-product basis where court has already determined plaintiffs are "similarly situated"); Bradford v. Bed Bath & Beyond, Inc., 184 Fed. Supp. 2d 1334, 1344 (N.D.Ga. 2002) (parties allowed to conduct discovery from 25 opt-in plaintiffs, named plaintiffs, and six other opt-in plaintiffs chosen by defendant); Smith v. Lowes Home Centers, Inc., 236 F.R.D. 354, 357-358 (S.D.Oh. 2006) (initially limiting discovery to a statistically significant representative sampling).

This court is persuaded by the rationale of the courts which have imposed reasonable limitations on individualized discovery. Permitting the full scope of discovery authorized by the Federal Rules of Civil Procedure would undermine the purpose of conditionally certifying a collective action and would be unreasonably burdensome and wasteful of the parties' and the court's resources. However, fairness dictates the defendants should be permitted to conduct enough discovery to support a motion to decertify the conditionally certified class. Factors the court evaluates in conducting the more stringent second-tier evaluation in a motion to decertify include: 1) whether there are disparate factual and employment settings of the individual plaintiffs; 2) defendants' available defenses with respect to the individual plaintiffs; and 3) other fairness and procedural considerations. See, e.g., Leuthold v. Destination Am, 224 F.R.D. 264, 466 (C.D.Cal. 2004).

/ / /

/ / /

Additionally, Fed. R. Civ. P. 26(b)(2)(C) gives the court broad discretion to limit the frequency or extent of use of the discovery methods otherwise permitted by the Federal Rules of Civil Procedure. Rule 26(b)(2)(C) gives the court discretion to conduct a proportionality analysis and limit discovery that is unreasonably cumulative or duplicative, obtainable from some other source that is more convenient, less burdensome or less expensive, and to limit discovery if "the burden or expense of proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). Applying these principles, the court will permit the defendants to conduct full discovery of the named plaintiffs, but limit the individualized discovery the defendants may obtain from the opt-in plaintiffs, as set forth in this order.

The court will enter a protective order limiting the individualized discovery defendants may obtain from the plaintiffs to ten per cent of a relevant combination of workers and work sites for the opt-in plaintiffs, unless, for good cause shown, the defendants demonstrate a need for additional discovery. The court will require the parties to meet and confer in a good faith effort to identify a mutually acceptable relevant combination of workers and work sites for opt-in plaintiffs from whom defendants may obtain discovery. The court will also limit the defendants' responsibility to respond to plaintiffs' discovery to the same group, unless, for good cause shown, plaintiffs show additional discovery is needed. Finally, the court will extend the time for the opt-in plaintiffs to respond to defendants' individualized discovery requests until September 5, 2008, thirty days after the close of the opt-in period.[1]

/ / /

---

[1] During oral argument, counsel for defendants disputed plaintiffs' suggestion that the deadline for filing consents to opt in is August 5, 2008. Defendants claim the opt-in period should expire June 28, 2008, 120 days after Chief Judge Hunt entered his order granting circulation of notice. Plaintiffs contend the 120 days should run from the time they received the employee information from the defendants and point out that the date the opt-in plaintiffs were provided in the notice was October 5, 2008. Unless the District Judge directs otherwise, the court construes his order to allow for 120 days from receipt of the names of the potential class members to opt in – August 5, 2008.

B.     **Defendants' Emergency Motion for Protective Order (#251)**

Defendants request a protective order enjoining plaintiffs' counsel from calling any non-party, putative members of this collective class action until after the opt-in period has expired. The defendants have learned that employees of plaintiffs' counsel have been making telephonic contact with defendants' current employees from the list of all individuals who have met the class descriptions defendants were required to provide pursuant to Chief Judge Hunt's Order (#65). Defendants argue that telephonic contact was not authorized by the court, and assert that the telephone calls consist of improper solicitations, and that callers have made misstatements of law and fact during the calls. The motion is supported by the declarations of two individuals who were called and three managing partners who have spoken to employees who received calls.

Plaintiffs oppose the motion, conceding phone calls have been made to putative class members, but vigorously asserting that all of the communications have been proper, ethical, and within the bounds of the law. Plaintiffs assert they have been making telephonic contact with putative plaintiffs by telephone for the past several weeks to determine whether putative class members received the approved form of notice of this lawsuit, and to investigate plaintiffs' claims and damages. The opposition is supported by the declarations of multiple individuals who have been making these calls, and a partner in the law firm who has been supervising the calls. The declarations all aver that callers do not hold themselves out to be attorneys, that they use a script for making the calls, that they have received detailed training on how to conduct these calls, and have been strictly instructed that solicitation is absolutely forbidden. The declarations reflect that when an individual is called, a question is asked whether the person is a manager, and if so, the callers have been instructed they are not to speak with managers. The two law firm employees who contacted the two putative class members whose declarations support the defendants' motion directly contradict those declarations on material points.

During oral argument, counsel for plaintiffs advised the court that as of the date of the hearing, approximately 2,000 of the 2,700 potential opt-in plaintiffs had been telephonically contacted. Counsel assured the court that the purpose of the contact was to determine whether the employee had received notice, and secondarily to obtain informal discovery relevant to the plaintiffs' claims. After the

telephonic contact, a letter is sent, confirming the substance of the contact.  An important purpose for making these phone calls is to prevent putative class members from seeking to participate after the opt-in period has expired based on a claim notice was not received, which has happened in other litigation. Counsel for plaintiffs assured the court that the individuals conducting the calls are experienced, have been carefully trained, and are directly supervised by a partner in the law firm.

During oral argument, counsel for defendants urged the court to preclude the plaintiffs from making further contact.  Counsel graciously acknowledged that he has worked with opposing counsel in prior litigation, found them honorable, honest, and ethical, and had no reason to doubt their representations.  However, defendants are understandably concerned about the potential for abuse and, therefore, seek a protective order precluding future telephonic contact at least until the expiration of the opt-in period.

Having reviewed and considered the moving and responsive papers and supporting declarations and exhibits and the arguments of counsel, the court will deny the motion.  The court is satisfied that the persons conducting the calls have been extensively trained and supervised concerning their ethical obligations.  Defendants are aware of only a handful of complaints after plaintiffs have made 2,000 calls, and defendants certainly have direct daily contact with their current workers.  Finally, it is undisputed that plaintiffs may ethically contact putative class members to obtain informal discovery from them, and inquiring whether notice has been received serves the legitimate purpose of limiting later claims by class members that they should be permitted to opt in after the expiration of the opt-in period because they did not receive notice.

Having reviewed and considered the matters, and for good cause shown,

**IT IS ORDERED:**

1. Plaintiffs' Motion for Protective Order (#209) is GRANTED in part and DENIED in part.  The motion is GRANTED to the extent the court will limit individualized discovery to ten per cent of a relevant combination of workers and work sites.  Counsel for the parties shall meet and confer in a good faith effort to identify the relevant combination of workers and work sites permitted by this order.

/ / /

2. The motion for protective order is also GRANTED to the extent that the time for plaintiffs to file responses to defendants' written discovery requests shall be extended until **September 5, 2008**, thirty days after the close of the opt-in period.
3. Plaintiffs' discovery requests to defendants shall be limited to the same ten per cent relevant combination of workers and work sites.
4. The motion for protective order is DENIED in all other respects.
5. Defendants' Emergency Motion for Protective Order (#251) is DENIED.
6. Defendants' Motion for Modification of Discovery Schedule (#212) is DENIED without prejudice. The court will conduct a telephonic status conference **Tuesday, July 15, 2008, at 10:30 a.m.** At the status conference, the court will address the results of the parties' efforts to meet and confer for the purposes outlined in this order, and any proposals for adjustment of the existing discovery plan and scheduling order deadlines. Counsel who will be participating telephonically shall call the undersigned's courtroom administrator, Jeff Miller, at (702) 464-5420, to obtain the number for the meet-me-line which will be used to conduct the telephonic status hearing.

Dated this 16th day of June, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE