# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SPENCER CRANNEY, et al., | ) |
| Plaintiffs, | ) Case No. 2:07-cv-01587-RLH-PAL |
| vs. | ) **ORDER DETERMINING GOOD FAITH** |
| CARRIAGE SERVICES, INC., et al., | ) **AND GRANTING FINAL APPROVAL** |
| Defendants. | ) **OF SETTLEMENT AND JUDGMENT** |

On March 5, 2009, the District Judge entered an Order of Reference (Dkt. #496) referring this case to the undersigned United States Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 upon the parties' consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including the trial or the entry of final judgment, and conduct all post-judgment proceedings.

In a prior Order (Dkt. #498), the court preliminarily approved the parties' proposed settlement and appointed Spencer Cranney, Mitchell Amos, Catherine Samuelson, Douglas Brown, and Richard Monighetti as settlement class representatives. The court also appointed Dolin, Thomas & Solomon LLP and Margolis Edelstein as class counsel, and Rust Consulting, Inc., as claim administrator. The court found that (a) the class members were sufficiently "similarly situated" for purposes of 29 U.S.C. § 216(b); (b) that the proposed ERISA and state wage and hour class and subclasses satisfied all of the requirements of Rule 23 and were maintainable under Rule 23(b)(3); (c) the proposed class representatives and class counsel were adequate; and (d) that there was sufficient unity of interest among the class members to support the certification of the class for settlement purposes in accordance with the parties' stipulation. The court also reviewed and approved the form of class notice attached to the parties' stipulation and directed notice to be mailed by the claim administrator, by first class mail, to

plaintiffs and settlement class members at their last known addresses within fourteen days of entry of the order.  The order further directed that all objections or requests of putative class members to exclude themselves from the proposed settlement must be mailed to the claim administrator in accordance with the class notice and instructions provided.  A final approval hearing was initially set for April 28, 2009 at 9:00 a.m. but continued to May 5, 2009.  See Parties' Joint Request (Dkt. #500) . and Order (Dkt. #501).  The hearing was continued in order to provide the class members with thirty days' notice of the settlement prior to the final approval hearing.

At the hearing held on May 5, 2009, J. Nelson Thomas, Patrick J. Solomon, Justin Cordello, and Michael Lingle appeared on behalf of the plaintiffs; and Michael Banks, Sarah Bouchard, and Brad Green appeared on behalf of the defendants.  The court was advised that one hundred sixty-seven class members opted out of the settlement.  However, none of the members of the putative class who received notice objected to the distribution of settlement proceeds or the costs and attorneys fees requested.  One individual putative class member, Mr. Johnny Kirkland, appeared at the hearing when the court inquired whether there was anyone present who wished to be heard.  Mr. Kirkland indicated that he received notice of this action but did not receive notice of the settlement proposal.  Counsel for both sides confirmed that Mr. Kirkland was a putative class member and advised Mr. Kirkland and the court of the portion of settlement proceeds proposed to be distributed to him.  Mr. Kirkland indicated he did not object to the settlement and agreed with the proposed distribution to him.  The court directed counsel for plaintiffs to provide Mr. Kirkland with a copy of the notice of settlement letter.

Having reviewed and considered the parties' Joint Motion for Preliminary Approval of the Settlement (Dkt. #495), "Settlement Agreement" attached as Exhibit 1 to Dkt. #495; Joint Stipulation of Settlement and Motion, the Annex A, which was submitted to the court for *in camera* review, listing the name, position, and proposed settlement share of each individual class member; the Plaintiffs' Unopposed Motion for Final Approval of Rule 23 Cross Settlement and for Final Approval of Settlement Agreement (Dkt. #502) and Memorandum in Support (Dkt. #503), the court enters the following Final Order and Judgment:

1. The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. Rule 23(a), and is maintainable under Rule 23(b)(3), and that the Settlement

      Class satisfies the requirements to be maintainable as a collective action under 29 U.S.C. § 216(b).  The Court finally certifies the Settlement Class for purposes of settlement of this action only.

2.    The Class Notice given to the members of the Settlement Class adequately informed the Class Members of the terms of the Stipulation, the process available to them to obtain monetary relief, their right to opt out of the monetary provisions and pursue their own remedies and their opportunity to file written objections and appear and be heard at the final approval hearing regarding the approval of the Stipulation.  The Court finds that the Class Notice provided satisfies the requirements of Fed. R. Civ. P. 23(e)(1)(B).

3.    The Court hereby approves the Stipulation and finds that the settlement is fair, reasonable, and adequate to all members of the Settlement Class.  The Court finds that extensive investigation, research and litigation has been conducted such that counsel for all parties are able to evaluate their respective risks of further litigation, including the additional costs and delay associated with further prosecution of this Action.  The Court further finds that the Stipulation has been reached as a result of intensive, arms-length negotiations, including mediation with an experienced third party neutral.

4.    Class Counsel should be awarded the amount of $1,800,000 for fair and reasonable attorneys' fees and litigation expenses incurred in the prosecution of this litigation, such award to be paid from the Settlement Amount in full compromise and satisfaction of all attorneys' fees and expenses incurred by Class counsel as specified in the Stipulation.

5.    The Court finds and determines that the payments to the members of the Settlement Class, as provided in the Stipulation are fair, reasonable and adequate and gives final approval to and orders that those payments be made to the members of the Settlement Class.

6.    The Court hereby dismisses all claims and actions in this matter and the claims of all Settlement Class members based on or arising out of any acts, facts, transactions, occurrences, representations or omissions alleged in the Complaint in this matter on the

///

merits and with prejudice and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement.

7. All persons who are members of the Settlement Class are hereby barred and permanently enjoined from prosecuting, commencing, or continuing any claims, causes of action, damages and liabilities of any kind, nature and character whatsoever in law, equity or otherwise, known or unknown, suspected or unsuspected, that now exist, may exist or heretofore existed, against Carriage as set forth in the Settlement Agreement.

8. The Court retains jurisdiction over this action and the parties to administer, supervise, interpret, and enforce the Stipulation and this Order.

Dated this 6th day of May, 2009.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE